United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
for the Fifth Circuit

No. 06-10531

LAURA TAYLOR,

Plaintiff-Appellee,

VERSUS

BIGELOW MANAGEMENT, INC; BIGELOW COLORADO, LLC II, doing
business as Budget Suites of America,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of Texas

(3:04-CV-1554)

Before KING, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Bigelow Management, Inc. and Bigelow Colorado Limited Liability

Company II (collectively "Bigelow") do business as Budget Suites of America ("Budget Suites").

Laura Taylor worked for Budget Suites in a managerial capacity for almost eighteen months. In April

2002, after training, Taylor became General Manager of a Budget Suites hotel; in February 2003, she

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

became Regional Manager of two Budget Suites hotels.

According to Bigelow, one of the hotels performed poorly while Taylor was Regional Manager. Richard Clouse, Senior Vice President of Bigelow, expressed to Taylor concern about the hotel's poor performance, and in a May 2003 memo, instructed her to immediately address any problems at the hotel.

Three days after Clouse sent the memo to Taylor, Taylor informed Clouse that she was pregnant. Clouse responded by commenting to Taylor that he was not the father. Clouse then told Taylor a story about a pregnant employee who worked until her lunch break, gave birth during the break, and returned to work immediately thereafter. After the comment and the story, Clouse asked Taylor what her intentions were regarding maternity leave. Clouse later apologized to Taylor for making the comments. But, according to a witness who worked closely with Clouse and testified at trial, around the same time Clouse made the comments to Taylor, Clouse commented to her that he did not think women were suitable for managerial positions because they become pregnant and miss too much work.

A few days later, Taylor was demoted back to General Manager of one hotel. And, on July 2, 2003, Taylor was further demoted to Assistant General Manager of a different hotel. Taylor contends that she was demoted to Assistant General Manager despite improving performance at the hotel she managed. She worked in an assistant managerial capacity until she took maternity leave on October 8, 2003. During her leave, she resigned.

Taylor sued Bigelow under Title VII alleging discrimination based on her pregnancy. A jury found Bigelow liable for Taylor's second demotion and awarded Taylor court costs plus approximately $10,000 for back pay and mental anguish, and $50,000 in punitive damages. Bigelow

now appeals.

Bigelow's first argument is that the district court improperly instructed the jury by giving a "because of" causation instruction, rather than a "motivating factor" causation instruction. Because the case was tried as a "mixed motive" discrimination case, Bigelow is correct that the court erred. *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101-02 (2003). The court should have given a "motivating factor" instruction. *See id.* Unfortunately for Bigelow, it makes no difference. The error was harmless-- the causation standard the court should have imposed on Taylor, the "motivating factor" standard, is less stringent than the causation standard the court actually imposed on Taylor, the "because of" (or "but for") standard. *See Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir. 2005). Nevertheless, the jury determined that Taylor met the higher causation standard. Bigelow cannot now complain that Taylor was held to and met a burden higher than that which ought to have been imposed on her. There hardly exists a clearer example of harmless error.

Bigelow's second argument is that the district court improperly instructed the jury by failing to give a "stray remark" instruction regarding Clouse's comment to Taylor that he was not the father of her baby. Our review is for an abuse of discretion. *See United States v. Ragsdale*, 426 F.3d 765, 779 (5th Cir. 2005). We will reverse only if the instructions actually given were misleading, *see Treadaway v. Societe Anonyme Louis-Dreyfus*, 894 F.2d 161, 167 (5th Cir. 1990), and only if there is "substantial and ineradicable doubt whether the jury [was] properly guided in its deliberations," *see id.* at 167-68. Additionally, regardless of the above standard, we will not reverse if the error was harmless. *See Rubinstein v. Adm'rs of Tulane Educ. Fund*, 218 F.3d 392, 404 (5th Cir. 2000).

First, Bigelow does not adequately explain in its brief how the instructions actually given were misleading. After our own independent review, we cannot say that the instructions were misleading.

Nor can we say that there exists any doubt that the jury was properly guided in its deliberations. For these reasons, the district court did not abuse its discretion.

Further, assuming *arguendo* that the failure to give a "stray remark" instruction was error, we are confident that the error was harmless. Although evidence of the comment by Clouse that he was not the father was introduced at trial, it was not a significant focus during Taylor's case-in-chief or closing argument. Much more heavily focused on were Clouse's comment that another employee gave birth over her lunch break and Clouse's alleged statement to another colleague that women are not fit for management because they get pregnant and miss too much work. On top of these comments was Taylor's evidence that she was demoted a second time even when the performance of the hotel she managed was improving. In short, considering the evidence and arguments at trial as a whole, an instruction that the jury should disregard the comment as a "stray remark" could not have affected the outcome of the trial. *See id.* As a result, we find no reversible error.

Unpersuaded by either of Bigelow's arguments on appeal, we AFFIRM.

AFFIRMED.